(No. 4043

LENA CORNALE, WIDOW OF MATTHEW M. CORNALE, Claimant, *vs.*
STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1947.*

ROOT AND HOFFMAN, Attorneys for Claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DAMRON, J.

The record in this case consists of the complaint, report of the Division of Highways, and waiver of brief, statement, and argument, on behalf of claimant and respondent. It is stipulated by and between the parties hereto that the report of the Division of Highways filed November 5, 1947, shall constitute the record.

The report of the Division of Highways shows that Matthew M. Cornale was an employee of the Department of Public Works and Buildings, Division of Highways, since June 1, 1941 and continued such employment without interruption until April 8, 1947. For more than one year next preceding said date, he received a monthly salary of $184.00 and the year prior to April 8, 1947 received a total of $2,208.00 as wages from the respondent.

The report further discloses that about 2:10 P. M on April 8, 1947 the said Matthew M. Cornale and a fellow employee, Benjamin Dorman, were engaged in a highway maintenance operation known as dragging shoulders. This is accomplished by attaching a spike

drag to the right rear of a truck. The truck is then driven on the pavement at the right edge and the drag is wholly on the highway shoulder. Mr. Cornale was driving the Division truck and Mr. Dorman rode in the cab with him. Mr. Dorman was holding the cab door on the right side in an open position so that he could observe any surface obstructions that might interfere with the drag.

The truck was proceeding southwesterly on U. S. Route 66 at about five miles an hour. The location is approximately one mile north of the village of Gardner, Grundy County, and 1,100 feet south of the viaduct over the Alton Railroad tracks. A south bound truck driven by Gerald Byerson and occupied by the owner, Maurice Benkendorf, drove into the left rear of the Division's truck forcing it off the highway to the right. It came to rest in the ditch. The Benkendorf truck came to rest to the left and the rear of the Division's truck. The claimant's intestate, Cornale, was thrown out of the truck to the left and onto the left shoulder. When found, the body was under the truck about midway between the left front and rear wheels. An ambulance was summoned. A Deputy Coroner arrived at the scene of the accident a short time after it occurred and found that Mr. Cornale was dead.

The complaint shows that Matthew M. Cornale at the time of his death was 59 years of age and left surviving him Lena Cornale, his widow and claimant herein. The complaint further alleges that the respondent had notice of the accident on the date of the injury which resulted in Mr. Cornale's death.

From this record we make the following findings; that on the 8th day of April, 1947, the claimant's intestate and the respondent were operating under the

provisions of the Workmen's Compensation Act; that on the date last above mentioned, he sustained accidental injuries which arose out of and in the course of his employment; that the respondent had immediate notice of the injuries and death of claimant's intestate and that claim for compensation was made on said respondent within the time required under the provisions of Section 24 of the Act; that the earnings of claimant's intestate during the year next preceding the injury which resulted in the death were $2,208.00 and his average weekly wage was $42.46, making his weekly compensation rate amount to the sum of $18.00.

An award is hereby entered in favor of Lena Cornale, the widow of Matthew M. Cornale, in the sum of $4,800.00 payable at $18.00 a week, as provided under Section 7, Paragraph (a) of the Workmen's Compensation Act. Of this amount, the sum of $666.00 has accrued representing 37 weeks from the date of his death, which is payable forthwith to claimant in a lump sum. The remainder of said award, amounting to $4,134.00 is payable to claimant at $18.00 a week for 229 weeks, commencing December 24, 1947 with one final payment of $12.00.

This award is subject to the approval of the Governor, which is hereby, if and when an approval is given, made payable from the appropriation from the Road Fund.

All future payments being subject to the terms and provisions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically retained for the entry of such further orders as may from time to time be necessary.